**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALDERAY Q. SIMMONDS, | : | |
| Inmate No. 1234041, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2360-WSD-JSA |
| UNKNOWN DEFENDANT, | : | |
| Defendant. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

On July 15, 2013, Plaintiff submitted a letter to the Court that the Clerk docketed as a civil rights action pursuant to 42 U.S.C. § 1983. At the time that this case was filed, Plaintiff had another civil rights action pending in this Court. *See Simmonds v. Unknown*, Civil Action No. 1:13-CV-170-WSD-JSA.

In Plaintiff's other case, this Court had encountered difficulties in mailing its Orders to Plaintiff at the Fulton County Jail (*see id.* at Doc. 6), and recently learned that Plaintiff was released from the Fulton County Jail on August 29, 2013. *See Fulton County Inmate Search*, available at http://justice.fultoncountyga.gov/PAJailManager/JailingDetail.aspx?JailingID=343 (last visited October 17, 2013). Plaintiff has not provided the Court with his new address in either case.

Local Rule 41.2C provides that "the failure . . . of a party appearing *pro se* to keep the Clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal."[1]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C for failure to keep the Court informed of Plaintiff's current address.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 22nd day of October, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court also notes that although it is not clear what relief Plaintiff sought in the complaint, his release from the Fulton County Jail may have rendered some, if not all, of his claims moot.